**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERIC FIERRO,

Plaintiff,

v. No. 26-cv-0004-WJ-GJF

ROBLES, RAEL, AND ANAYA, P.C., *et al*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend Prisoner Complaint (Doc. 15). Plaintiff is a state prisoner and is proceeding *pro se*. He seeks leave to amend his claims against the civil defense attorneys who acted as opposing counsel in another lawsuit filed by Plaintiff, *Fierro v. Trabaudo*, 24-cv-1292 SMD-GJF. Defendants oppose the motion and argue the proposed amendment is futile. *See* Doc. 18.

Having reviewed the proposed amendment (Doc. 15 at 4), the Court agrees it does not state a cognizable claim for relief. The proposed amendment names Robles, Rael & Anaya; Luis Robles; and Christina Anaya as Defendants. Plaintiff alleges those parties appeared as counsel on behalf of the defendants in *Fierro v. Trabaudo,* 24-cv-1292 SMD-GJF. There Plaintiff sued the state prosecutors involved with his criminal convictions, and Defendants removed the case and filed motions on behalf of the state prosecutors. The Court (Hon. Sarah Davenport) dismissed *Fierro v. Trabaudo,* 24-cv-1292 SMD-GJF on March 25, 2026.

The instant proposed amendment alleges that, by representing the state prosecutors,

Defendants abused the legal process, committed fraud on the Court, committed malpractice, violated Plaintiff's constitutional rights, and engaged in bad faith litigation. *See* Doc. 15 at 5-6. There are no factual details to support each claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (To state a cognizable claim, "[t]he plaintiff may not rely on mere labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Moreover, beyond listing the Defendants in the caption, the Complaint fails to connect any specific Defendant to the alleged wrongdoing. "Collective allegations" regarding the alleged wrongdoing do not state a viable claim …, nor do "active-voice yet undifferentiated contention that 'defendants' infringed [plaintiff's] rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). The "complaint must make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

The proposed amendment also fails to show Defendants committed wrongdoing in some way by acting as defense counsel of record in one or more lawsuit filed by Plaintiff. To state a claim for malicious abuse of process, a party must show: "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *See Mosley v. Titus*, 762 F. Supp. 2d 1298, 1315 (D.N.M. 2010). "An improper use of process may be shown by: (1) filing a complaint without probable cause; or (2) an irregularity or impropriety suggesting extortion, delay or harassment." *Id.* The proposed amendment fails to alleged facts showing these elements, nor does it provide any specificity regarding the alleged fraud or egregious conduct. *See United States v. Buck,* 281 F.3d 1336, 1342 (10th Cir. 2002) (noting fraud-on-the-court claims require egregious conduct such as bribery of a judge or jurors).

For these reasons, the Court will deny the Motion to Amend (Doc. 15), in part. The Court will not accept the proposed amendment attached to that motion. However, because *pro se* plaintiffs must generally receive at least one opportunity to amend, *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court will allow Plaintiff to file a separate amended complaint within twenty-one (21) days of entry of this ruling. The single amended complaint must contain all claims that Plaintiff intends to raise in this lawsuit. It must also comply with Fed. R. Civ. P. 8(a) and contain a short, plain statement of the grounds for relief. If Plaintiff fails to timely amend as directed or otherwise comply with Rule 8, the Court may dismiss this case with or without prejudice.

As to the remaining motions, relief will be denied. Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 6) is denied as moot. Defendants may refile the motion if and when Plaintiff submits the amended complaint. Plaintiff's Motion to Conduct Discovery (Doc. 9) and Motion for a Scheduling Conference (Doc. 17) are denied as premature. The Court must determine whether the claims state a cognizable claim before ordering discovery or conducting a scheduling conference. *See* NMLR 16.3(d) (noting prisoner complaints are excluded from pre-trial case management procedures, including initial discovery obligations, under the Court's local rules).

**IT IS ORDERED** that Plaintiff's Motion to Amend Prisoner Complaint (**Doc. 15**) is **GRANTED, in part, and DENIED, in part**. The Court declines to consider the proposed amendment but will allow Plaintiff to file a separate single, amended complaint within twenty-one (21) days of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (**Doc. 6**); Plaintiff's Motion to Conduct Discovery (**Doc. 9**); and Plaintiff's Motion for a Scheduling Conference (**Doc. 17**) are **DENIED without prejudice.**

**SO ORDERED**.

/S/
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE